IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE COGILL, | ) | 8:09CV209 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 25, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on June 25, 2009, against eight individuals and the Tecumseh State Correctional Institution ("TSCI"). (Filing No. 1 at CM/ECF pp. 1-4.) Each individual Defendant is sued in both their individual and official capacities. (*Id*.) Plaintiff is currently confined at TSCI in Tecumseh, Nebraska. (*Id*. at CM/ECF p. 3.)

Condensed and summarized, Plaintiff alleges that on April 4, 2008, he was taken to the hospital for an MRI on his back. (*Id*. at CM/ECF p. 5.) At the hospital, "Dr. Williams" diagnosed Plaintiff with a spinal contusion and a bulging disk. (*Id*. at CM/ECF p. 6.) He advised Plaintiff to use a walker when walking in his cell or in the "hallway of his gallery," and sent him back to TSCI. (*Id*.) The next day, Plaintiff was "skipped for his shower," so he decided to "flood[] his cell." (*Id*.) Defendant Giser, a TSCI correctional officer, escorted Plaintiff to an "Intensive Management

Cell" and took his walker. (*Id*.) Defendant Giser specifically said, "[Y]ou won't be needing this anymore." (*Id*.) Because Plaintiff did not have his walker, he slipped and fell in the "Intensive Management Cell." (*Id*.) After the fall, Plaintiff was taken to an exam room where Defendants Cropp and Newman, TSCI nurses, refused to provide him with his walker, pain medication or a urinal. (*Id*.)

In sum, Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs and retaliated against him when they failed to provide him with his walker, pain medication and a urinal. (*Id*. at CM/ECF pp. 9-11.)

Plaintiff seeks compensatory damages in the amount of $10,000.00, nominal damages, "punitive damages pursuant to 42 U.S.C. § 1983," attorney's fees, and expungement of "all misconduct reports . . . from [his] institutional record." (*Id*. at CM/ECF pp. 13-14.) Plaintiff also seeks any other relief "as the court deems just and equitable." (*Id*. at CM/ECF p. 14.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)

(overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

*A. Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues TSCI, a state instrumentality, and eight individuals in both their individual and official capacities for monetary and injunctive relief. (Filing No. 1 at CM/ECF pp. 1-4, 13-14.) Six of the individual Defendants are TSCI employees. (*Id.*) As discussed above, the Eleventh Amendment bars claims for damages against state instrumentalities and state employees sued in their official capacities. Thus, Plaintiff's claims against Defendant TSCI and Plaintiff's monetary damages claims against Defendants, Houston, Britten, Giser, Adkins, Donovan, and Kirkendall (the six individual TSCI employees) are dismissed.

### B.  *Plaintiff's Retaliatory Discipline Claim*

The court liberally construes Plaintiff's Complaint to allege a retaliatory discipline claim against Defendants. A prison official can violate a prisoner's Eighth Amendment rights if they "impose a disciplinary sanction . . . in retaliation for the prisoner's exercise of his constitutional right." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). A prima facie case of retaliatory discipline requires a prisoner-plaintiff to show that: (1) he exercised a constitutionally protected right; (2) prison officials

disciplined him; and (3) the discipline was motivated by his exercise of the right. *Id.*; *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). A prisoner-plaintiff has a heavy evidentiary burden to establish a prima facie case. *Murphy v. Mo. Dep't. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Green County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Here, Plaintiff does not allege that he was exercising a constitutionally protected right or that Defendants' actions were motivated by his exercise of a constitutionally protected right. Accordingly, Plaintiff has failed to allege a prima facie case for retaliatory discipline. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a retaliatory discipline claim upon which relief can be granted against Defendants. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

*C.     Plaintiff's Eighth Amendment Medical Claims Against Defendants Cropp and Newman*

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an

Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle, 429 U.S. at 103-104*).

Liberally construed, Plaintiff has alleged that his back injury is a serious medical need. (Filing No. 1 at CM/ECF p. 6.) In addition, Plaintiff has alleged that Defendants Cropp and Newman knew of his serious medical needs, but were deliberately indifferent when they failed to provide him with pain medication, a urinal and his walker. (*Id.* at CM/ECF pp. 6, 10-11.) These allegations are sufficient to nudge Plaintiff's Eighth Amendment medical claims across the line from conceivable to plausible. As a result, Plaintiff's Eighth Amendment medical claims against Defendants Cropp and Newman may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    D.    *Plaintiff's Eighth Amendment Safety Claims Against Defendant Giser*

The court also liberally construes Plaintiff's Complaint to allege a separate Eighth Amendment claim related to Plaintiff's safety. The allegation requirements for this claim are similar to those outlined above. A prisoner asserting a violation of his Eighth Amendment safety rights must show "deliberate indifference" or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

As with his Eighth Amendment medical claim, Plaintiff has sufficiently alleged a cognizable Eighth Amendment safety claim. Plaintiff specifically states that he needed his walker to walk in his cell and that Defendant Giser took it from him. (Filing No. 1 at CM/ECF p. 6.) Plaintiff also alleges that Defendant Giser knew that Plaintiff needed his walker, but failed to take reasonable measures to abate the risk that Plaintiff could be seriously harmed without the walker. (*Id*. at CM/ECF pp. 6, 10-11.) These allegations are sufficient to nudge Plaintiff's Eighth Amendment safety claim across the line from conceivable to plausible. As a result, Plaintiff's Eighth Amendment safety claims against Defendant Giser may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### E. State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as negligence. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant TSCI and Plaintiff's monetary damages claims against Defendants Houston, Britten, Giser, Adkins, Donovan, and Kirkendall in their official capacities are dismissed.

2. Plaintiff shall have until **October 1, 2009**, to amend his Complaint to clearly state a retaliatory discipline claim against Defendants upon which relief can be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's retaliatory discipline claims will be dismissed without further notice and summonses will be issued for Plaintiff's Eighth

Amendment medical and safety claims only, in accordance with this Memorandum and Order.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **October 1, 2009**.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

September 1, 2009.             BY THE COURT:

                               s/ Joseph F. Bataillon
                               Chief United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.